McKinney, J.,
delivered the opinion of the Court.
This was an action of debt on simple contract, to recover for money alleged to have been paid by the plaintiff to and for the use of the defendant.
It appears from the record, that on the 1st day of July, 1857, two judgments were recovered against one Thompson, and the plaintiff, as his surety, before G. W. Ruth, a justice of Bedford county, in favor of William Brown, one for $476 40, and the other for $476 11, founded upon bills single.
Upon these judgments, executions were stayed by the defendant, at the sole instance of Thompson the principal debt- or, as is alledged by the plaintiff. After the expiration of the stay, executions were issued upon said judgments, and the jjlaintiff was forced to satisfy the full amount of the same.— Thompson having failed shortly before. To recover the amount thus paid, from the defendant as stayor, this suit was brought.
*630 The ground, of defence is, that the defendant was not legally responsible as stayor, because the authority given by him to the justice to enter his name as stayor, was not sufficiently descriptive of the judgments. The authority was in writing, and is in the following words, viz :
“ MR. Gr. W. RtTTTT, ESQ.”
“ Set my name down as stayor to two judgments that William Brown obtained against N. Thompson 3d, and William 0. Holt. July 2d, 1857.”
“ J. E. Davis.”
The jury were instructed, that the foregoing writing did not communicate authority to the justice to enter the defendant’s name as stayor, and that he was not bound thereby ; and, consequently, for that reason, the plaintiff could not recover in the present action.
If the case rested alone upon this point, we should, perhaps, feel constrained to dissent from the conclusion of his honor. The fact is clearly proved that no other judgments were obtained by Brown against Thompson and Holt ; except the two above referred to. In Barr v. McGregor, 11 Humph. 518, it is said, that the written authority to the justice must, upon its face, contain such a reference to and description of the judgment, the execution of which is intended to be stayed, in some one or more particulars, as will render it reasonably certain — without the aid of extrinsic evidence — that the judgment referred to in the authority is the same, for the stay of execution on which, the stayor intended to become bound as surety.
Applying this rule to the present case, can it be said that the written authority given to the justice is insufficient? It is addressed to the justice, by name, who rendered the judgments : it states correctly the names both of the plaintiff and defendants, and the number of judgments to bo stayed ; and it bears date on the day after said judgments were rendered. From these particulars, in the description, is it not made *631 reasonably certain' that the “two judgments" referred to in said writing, are the identical judgments in question ? But we need not pursue the discussion of this point farther, as there is another ground upon which we mainly rest the determination of the case.
The legal effect of the act of becoming stayor, is equivalent to a confession of judgment : it has the force and effect of a judgment against the stayor. Admitting, then, for the sake of argument, the entry of the name of the stayor by the justice, to be erroneous : and that it might be avoided by the former, by a proper proceeding directly for that purpose : yet, if he acquiesce, and suffer the judgment to remain in force, can he, in a collateral proceeding like the present, in which it is sought to charge him with a legal liability resulting from his relation as stayor, inquire into, or impeach the validity of the proceeding or judgment, if it be not absolutely void upon its face ? We think not.
Can it, then, be successfully maintained, that the justice’s proceeding in the present case, is void ? Certainly not. All that can be said against it — and wo are not to be understood as conceding the correctness of that — is, that the description contained in the written instrument is not sufficiently full or minute : or in other words, that all the evidence required in such cases, was not produced before the justice. But, if this were so, what is the legal consequence ? Simply that the judgment is erroneous or voidable : not that it is absolutely void. And if not avoided, it cannot be impeached, when collaterally brought in question.
There is no force in the argument against the correctness of this conclusion, that, in consequence of the original judgment having been satisfied by a prior surety, the stayor cannot now contest the validity of the stay, in a direct proceeding. How this may be, is unimportant. If, by his delay, the stayor has lost his remedy, it is his misfortune ; but this consideration does not affect the question in this case.
The right of the plaintiff to maintain this action, if the dc- *632 fendant were liable as stayor, is not denied, and lias been recognized in several of our own cases. See Winchester v. Beardin, 10 Hump. 247. Chaffin v. Campbell, 4 Sneed, 184.
Judgment reversed.